# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Stephen C. Ballard,                                           Civil No. 09-679 (PAM)

              Plaintiff,

v.                                                         **REPORT AND**
                                                                                 **RECOMMENDATION**

Carol Holinka,

              Defendant.

---

Stephen C. Ballard, Plaintiff *Pro se*, address unknown.

Mary Jo Madigan, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for Defendant.

---

JANIE S. MAYERON, United States Magistrate Judge

       This matter is before the Court on Defendant's motion to dismiss for failure to state a claim, or for summary judgment, as well as a motion to dismiss for failure to prosecute (Doc. No. 32). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, this Court recommends that the motion to dismiss for failure to prosecute be granted, and that the other motion to dismiss, or for summary judgment, be denied as moot.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

       From September 13, 2005 until October 31, 2007, Plaintiff Stephen C. Ballard was confined at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca"). During the bulk of that time, Defendant Carol Holinka was the Warden at that facility.

       In June 2007 Plaintiff filed his Complaint in federal court in the District of

Columbia alleging three violations of the First Amendment with respect to the receipt of magazines and his weekly allotment of stamps. (Doc. No. 1.) Plaintiff originally directed his claims at Defendants Harrell Watts and Harley Lappin, two national Bureau of Prisons ("BOP") officials, as well as Holinka. In February 2009, Judge Richard W. Roberts of the D.C. court dismissed (1) Plaintiff's claims against Watts and Lappin in their individual capacities, (2) his claims against Watts, Lappin and Holinka in their official capacities, and (3) his First Amendment claim against the United States. (Doc. Nos. 19 & 20.) Judge Roberts also ordered that the remaining portion of Ballard's action, that is, the claims against Holinka in her individual capacity, be transferred to this District. (Id.)

Pursuant to the change in venue, the action was docketed in Minnesota on March 24, 2009. (Doc. No. 21.) On April 28, 2009, Holinka then moved to dismiss the claims against her for insufficient service of process. (Doc. No. 23.) Plaintiff, who had been released from federal custody on April 24, 2009, filed no response. In January 2010, the Court ruled that Defendant's motion should be denied because Holinka waived the defense of insufficient service, having previously filed a motion to dismiss under Fed. R. Civ. P. 12(b), but without asserting insufficient service of process as a basis for dismissal. (Doc. No. 31 (adopting Report and Recommendation (Doc. No. 29)).)

In March 2010, Holinka moved to dismiss for failure to prosecute as well as for failure to state a claim, or for summary judgment. (Doc. No. 32.) As Plaintiff filed no timely response, the Court ordered him to respond by December 29, 2010. (Doc. No. 36.) The Order was returned as "not deliverable" and "unable to forward." (Doc. No. 38.)

## II. DISCUSSION

Plaintiff asserts that Holinka violated his First Amendment rights by prohibiting him from receiving a particular magazine, that the provisions of a regulation on which the BOP relied in screening out that magazine are void for vagueness, and that Holinka's policy of limiting inmates' stamp purchases violated his First Amendment rights. (Doc. No. 1, at 5-11.) As Holinka is a federal official, Plaintiff's Complaint is construed to assert Bivens claims.

Holinka now argues that Plaintiff's Complaint should be dismissed because he fails to state a claim on which relief may be granted. (Doc. No. 33, at 16-28.) In the alternative, Holinka seeks summary judgment. (Id. at 29-30.) Holinka also contends that Plaintiff failed to exhaust his administrative remedies for certain claims. (Id. at 14-15.) Finally, Holinka argues that because Plaintiff has abandoned this action, it should be dismissed under Rule 41(b). (Id. at 30.) Because Plaintiff has not filed any timely response as directed by the Court, this action should be dismissed for failure to prosecute.

### A. Dismissal Standard

Rule 41(b) authorizes the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). While the dismissal may be with prejudice, "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay," as opposed to accidental or involuntary behavior. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000).

### B. Plaintiff Has Failed To Prosecute This Action

Since responding in early July 2008 to Defendants' motion to dismiss his Complaint or to transfer the action from the District of Columbia, Plaintiff simply has failed to participate in any of the proceedings. This failure is of particular moment here, insofar as it appears that Plaintiff was an active and capable litigator up to that point. In responding to Defendants' motion to dismiss or transfer, Plaintiff ably briefed Rule 12 issues, venue, and immunity. (Doc. No. 16.) In short, this was not a case where a prisoner only filed a complaint and then let his action languish.

But after losing that motion and having the bulk of his case dismissed and the remainder transferred to this district, and then being released from custody, Plaintiff has failed to pursue this action. This is not surprising in that in opposing the motion to transfer, he expressly argued that he specifically chose the District of Columbia as not only a proper venue (in part because the other two original Defendants were located there), but one that would likely survive a *forum non conveniens* challenge. (Id. at 4-5.)

On this record, Plaintiff apparently has abandoned his action. Thus, Defendant is entitled to dismissal. Defendant requests dismissal with prejudice. (Doc. No. 33, at 30.) The Court concludes, however, that dismissal without prejudice is warranted. Although it is possible to characterize Plaintiff's failure as willful, it appears, based on his stated preference to litigate in the District of Columbia, that he simply abandoned the proceedings once the remaining portion was transferred to the District of Minnesota. Cf. O'Georgia v. United States Attorney General, No. 10-CV-78 (DSD/SRN), 2010 WL

1904881, *1 (D. Minn. Mar. 23, 2010) (recommending dismissal without prejudice where plaintiff "abandoned" action).

Moreover, Plaintiff is proceeding *pro se*. While he is bound by the same rules as those represented by counsel, courts exercise caution in dismissing *pro se* actions. Njaka v. Hellerud, No. 07-CV-1435, 2010 WL 1957497, *5 (D. Minn. April 15, 2010); see Siems v. City of Minneapolis, 560 F.3d 824, 825-27 (8th Cir. 2009) (affirming dismissal with prejudice where plaintiff was represented by counsel); Hunt v. City of Minneapolis, 203 F.3d 524, 528 (8th Cir. 2000) (same); Garrison v. Int'l Paper Co., 714 F.2d 757, 758-60 (8th Cir. 1983) (dismissing first complaint without prejudice where plaintiff was *pro se* but dismissing second complaint with prejudice where plaintiff finally retained counsel).

Finally, the failures in Siems, Hunt and Garrison were often of a more serious nature than those at issue here. Siems, 560 F.3d at 826 (noting "egregious conduct of Siems's counsel"); Hunt, 203 F.3d at 527 (noting client's actions contrary to his testimony); Garrison, 714 F.2d at 760 (noting that district court granted three postponements over 18 months for plaintiff to retain new counsel after first complaint was dismissed and that plaintiff still filed second complaint without counsel and failed to serve defendant). And some of the misconduct was active as opposed to Plaintiff's "passive" failures here. Hunt, 203 F.3d at 527, 528 (noting that client walked out of deposition and that attorney identified as a witness for trial a person not previously designated as an expert). Finally, in Siems, the attorneys had been forewarned of dismissal with prejudice should their non-compliant behavior continue. 560 F.3d at 826.

### III. CONCLUSION

Based on Plaintiff's failure to prosecute the action he filed, Defendant is entitled to dismissal under Rule 41(b), but the dismissal shall be without prejudice and shall not operate as an adjudication on the merits.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss for failure to prosecute [Doc. No. 32] be **GRANTED IN PART** (insofar as it seeks dismissal for failure to prosecute) and **DENIED IN PART AS MOOT** (insofar as it seeks dismissal for failure to state a claim, or summary judgment); and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: January 5, 2011                *s/ Janie S. Mayeron*
                                      JANIE S. MAYERON
                                      United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by January 20, 2011, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.